# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWANG KIM,<br><br>               Plaintiff,<br>  v.<br>WILMINGTON TRUST COMPANY, et al.,<br><br>              Defendants. | CASE NO. 17cv528-WQH-AGS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motion for entry of default judgment filed by Plaintiff Kwang Kim (ECF No. 29) and the motion to set aside entry of default filed by Defendant Wilmington Trust Company. (ECF No. 31).

## I. BACKGROUND

On March 16, 2017, Kim initiated this action by filing a Complaint against Defendants Wilmington Trust Company ("Wilmington Trust"), Pennsylvania Higher Education Assistance Authority, TransUnion LLC, Equifax Information Services, LLC and doe defendants.[1] (ECF No. 1). The Complaint alleges that Kim "is a victim of identity theft" and that an "imposter opened fraudulent student loan accounts with Key Bank and possibly others" without authorization or consent. (ECF No. 1 at 10). The Complaint alleges that Wilmington Trust Company is a Delaware Banking Corporation

---

[1] Defendant Wilmington Trust Company is the only moving party. The remaining Defendants filed Answers to the Complaint. (ECF Nos. 9, 11, 14).

1 and owner trustee of National Collegiate Student Loan Trust 2007-04.[2] The Complaint alleges that two accounts with the National Collegiate Trust are false because they do not belong to Kim. (ECF No. 1 at 10-11). The Complaint alleges that Wilmington Trust has been reporting the fraudulent account despite being on notice that the account was a result of identity theft. Kim alleges the following causes of action against Wilmington Trust: (1) negligent noncompliance with the Fair Credit Reporting Act ("FCRA"); (2) willful noncompliance with the FCRA; (3) violations of California Identity Theft Law; and (4) violations of the California Consumer Credit Reporting Agencies Act ("CCCRAA"). (ECF No. 1).

On March 16, 2017, the Clerk of Court issued a summons. (ECF No. 2). On March 30, 2017, the summons was returned executed with respect to Defendant Wilmington Trust. (ECF No. 8). On May 15, 2017, Kim filed a request for entry of clerk default against Wilmington Trust on the grounds that no responsive pleading was filed. (ECF No. 17). On May 16, 2017, the Clerk of Court entered default against Wilmington Trust. (ECF No. 18).

On September 6, 2017, Kim filed a motion for default judgment against Wilmington Trust. (ECF No. 28). On October 2, 2017, Wilmington Trust filed a response in opposition to the motion. (ECF No. 33). On October 7, 2017, Kim filed a reply. (ECF No. 34).

On September 21, 2017, Wilmington Trust filed a motion to set aside entry of default. (ECF No. 31). On October 16, 2017, Kim filed a response in opposition.[3] (ECF No. 35). On October 23, 2017, Wilmington Trust filed a reply. (ECF No. 36).

---

[2] The Complaint describes Wilmington Trust as "NCT." (ECF No. 1).

[3] Kim filed a request for judicial notice in support of the opposition to the motion to set aside entry of default. Kim requests judicial notice of various filings in other courts pursuant to Federal Rule of Evidence 201. The Court grants Kim's request for judicial notice (ECF No. 35-1). *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted) (holding that courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

## II. MOTION TO SET ASIDE ENTRY OF DEFAULT

Wilmington Trust moves the Court for relief from the entry of default by the Clerk of Court on May 16, 2017. (ECF No. 31). Wilmington Trust contends that inadvertence and excusable neglect caused its delay in responding to the Complaint. Wilmington Trust asserts that it provided the Complaint to its Trust administrator so that counsel could be assigned, consistent with internal procedures and in compliance with the Trust document and protocol. Wilmington Trust asserts that due to "an unexpected and inadvertent breakdown in normal procedure for handling legal process," Wilmington Trust did not know that the Trust administrator had not retained counsel to appear. *Id.* at 11. Wilmington Trust asserts that it has "acted diligently and swiftly since learning of the default." *Id.* at 14. Wilmington Trust asserts that it has meritorious defenses to the causes of action alleged against it because it does not furnish information on credit and because evidence suggests that the loan in question may not have been fraudulently procured. *Id.* at 13. Finally, Wilmington Trust contends that setting aside the entry of default will not prejudice Kim. Wilmington Trust contends that litigation on the merits and any delay in resolving the matter caused by litigation cannot constitute prejudice. *Id.* at 14.

Kim contends that Wilmington Trust fails to meet the good cause standard of Rule 55(c). Kim asserts that he will be irreparably prejudiced should entry of default be set aside because he "lacks the health, time and stamina to begin litigation anew" against Wilmington Trust and because certain court scheduling deadlines have passed. (ECF No. 35 at 3-4). Kim contends that Wilmington Trust's conduct was inexcusable and culpable because Wilmington Trust caused its own default by refusing to pay for representation. *Id.* at 4-5, 8. Kim contends that "[s]imple denials and conclusory statements are inadequate to support a meritorious defense" and that he has evidence proving that Wilmington Trust's theories are false. *Id.* at 5,6.

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court. Rule 55(c) provides that a court may set aside a default for "good cause shown." Fed. R. Civ. P. 55(c). "The [Rule 55] good cause analysis considers three factors: (1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [plaintiff]." *Franchise Holding II, LLC. v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir.2004) (quotation omitted). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The Court has broad discretion in deciding whether to set aside the entry of default pursuant to Rule 55(c). *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside rather than a default judgment." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994) (quotations omitted)(citing *Mendoza*, 783 F.2d at 945). There is a strong preference for trial on the merits, and any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Technologies*, 840 F.2d 685, 690 (9th Cir. 1988); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("[T]he general rule is that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever possible."); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

**A. Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive

notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir.2001). "[I]n this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697).

In this case, Wilmington Trust provides a declaration by Dorri Costello, Vice President in the Global Capital Markets Unit of Wilmington Trust Company, stating that pursuant to normal internal procedures, "On or about March 28, 2017, [Costello] forwarded the Complaint to the Administrator with the understanding that the Administrator would notify the loan servicer or Chaitman [LLC] to retain counsel to defend WTC in this action." (ECF No. 31-3 at 4). Costello states that due to a lawsuit over legal fees between Chaitman LLP and Wilmington Trust, Chaitman LLP advised Wilmington Trust on May 10, 2017 that it would no longer provide legal counsel to WTC. Costello states that in May and June 2017 Wilmington Trust, through in-house counsel, researched litigation matters involving Wilmington Trust and "determined that counsel had not been retained to represent WTC in this case." *Id.* at 4. On June 28, 2017, Wilmington Trust retained Reed Smith LLP as counsel and learned for the first time that a default had been entered. *Id.* at 5. Costello states, "WTC did not act to purposely delay WTC's appearance in the instant action. WTC quickly retained counsel upon becoming aware that counsel had not been retained on its behalf in this matter." *Id.* at 5.[4]

Wilmington Trust provides declarations indicating that its failure to respond in

---

[4] Wilmington Trust provides a declaration from its counsel, Britt Roberts, stating that she had been in communication with Plaintiff's counsel since July 10, 2017 pursuing a request that Plaintiff voluntarily set aside the default. On September 6, 2017, Plaintiff's counsel informed Defendant that he was planning to move for default judgment. (Roberts Decl., ECF No. 31-1 at 3).

this matter was an unintentional breakdown of the normal procedure by which Wilmington Trust secures its representation in litigation. The Court does not find an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the judicial process." *TCI Group*, 244 F.3d at 697. Wilmington Trust provides sufficient evidence to establish that it did not intentionally and in bad faith fail to answer the complaint in this matter. *See Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092.

**B. Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense . . . But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700 (citations omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. . . . Rather, that question "would be the subject of the later litigation." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).

Wilmington Trust contends that it has meritorious defenses to these causes of action. Specifically, Wilmington Trust contends that it cannot be liable under the FCRA or CCCRA, because it is not a furnisher of information. Wilmington Trust asserts that the servicer of the student loan is responsible for these activities. (ECF No. 31 at 12-13). Wilmington Trust contends that the cause of action under California Identity Theft Law fails because "any dispute regarding the origination of the student loan or the collection thereon should have been directed at the loan servicer." *Id.* at 13. Wilmington Trust contends that the underlying loan in question may not have been procured through fraud at all. *Id.* The Court has reviewed the Complaint and the asserted defenses in the motion to set aside default, and the Court finds that Wilmington Trust has provided facts that would contribute to a meritorious defense.

### C. Prejudice

"To be 'prejudicial,' the setting aside of a [default] judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *TCI Group*, 244 F.3d at 701 (quotation omitted). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id.* "[T]o be considered prejudicial, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quotation omitted).

In this case, Kim contends that he will be prejudiced because the prolonged litigation is challenging considering his health and age. Kim contends that prejudice will result because certain deadlines in the Court's scheduling order have passed. However, delayed resolution of the case is not prejudicial for purposes of a motion to set aside judgment. *TCI Group*, 244 F.3d at 701. The Court finds that setting aside the entry of default will not hinder Kim's ability to pursue his claim.

The Court finds that Wilmington Trust has shown good cause why default should be set aside pursuant to Rule 55(c). *See Falk*, 739 F.2d at 463 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

### III. MOTION FOR DEFAULT JUDGMENT (ECF No. 29)

Plaintiff moves the Court for an order granting default judgment against Defendant Wilmington Trust Company. (ECF No. 29). Because the Court has granted Defendant's motion to set aside the entry of default judgment, the Court denies this motion for default judgment by the Court as moot. (ECF No. 29).

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion to set aside the default is granted. (ECF No. 31). The motion for default judgment is denied as moot. (ECF No. 29). Defendant Wilmington Trust shall file a response to the Complaint on or before January 5, 2018.

DATED: December 21, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge